2014 UT App 83

**STATE of Utah, in the interest of J.Q., a person under eighteen years of age.**

**C.L., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20140092–CA.**

Court of Appeals of Utah.

April 17, 2014.

Sheleigh A. Harding, for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges JAMES Z. DAVIS, J. FREDERIC VOROS JR., and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 C.L. (Mother) appeals the termination of her parental rights. We affirm.

¶ 2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Additionally, a juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Mother asserts that there was insufficient evidence for the juvenile court to determine that grounds existed to justify termination of her parental rights and that it was in the child's best interest to terminate her parental rights. The juvenile court found several grounds to support termination of Mother's parental rights.[1] The evidence in the record supports the juvenile court's

---

1. Pursuant to Utah Code section 78A–6–507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

determination that Mother was unable to remedy the circumstances that caused J.Q. to be placed in an out-of-home placement. *See* Utah Code Ann. § 78A–6–507(1)(d) (Lexis-Nexis 2012). J.Q. was removed because of Mother's drug use. Specifically, immediately prior to the removal, Mother's newborn child, who is not the subject of this appeal, tested positive for amphetamine and marijuana, indicating Mother's use of those drugs during her pregnancy. This prompted J.Q.'s removal. Reunification services were provided to Mother; however, during the course of her service plan, Mother submitted to only twenty-eight of fifty-three drug tests despite being told that any missed tests would be considered "dirty." Further, of the twenty-eight tests Mother took, three were voided because the samples were too diluted and sixteen were positive for illegal drugs, including amphetamine, methamphetamine, cocaine, and marijuana. Mother also admitted to two other relapses after reunification services ended.

¶ 4 In regard to treatment, Mother completed the required substance abuse assessment. However, because Mother was not truthful concerning her history of drug use during that assessment, she did not receive the appropriate level of substance abuse treatment required, i.e., residential treatment. In regard to the treatment Mother did begin, Mother was sporadic in her attendance, missing some appointments then not going at all after reunification services were terminated. Mother eventually took a second substance abuse assessment that recommended residential treatment. At the time of trial, however, Mother had not yet begun such treatment as she was waiting for space to open in a residential facility. Thus, at the time of trial, Mother had tested positive for drugs on numerous occasions and had not yet begun the level of treatment needed to address her addictions. Further, because Mother had not begun a residential treatment program, there was a substantial likelihood that Mother would not be capable of exercising proper and effective parental care in the near future. Accordingly, evidence in the record adequately supports the juvenile court's determination that Mother was unable to remedy the circumstances that caused J.Q. to be placed in an out-of-home placement.

¶ 5 In addition, the evidence was sufficient to establish that termination was in the child's best interest. As explained above, the evidence demonstrated that Mother was not in a position to parent J.Q. due to her ongoing drug issues and lack of appropriate treatment. Conversely, J.Q. had been in a placement for several months with a family that loved him and provided him with the stability and security that he needed. Further, the foster family desired to adopt J.Q. The evidence supports the juvenile court's determination that it was in J.Q.'s best interest to terminate Mother's parental rights in order to allow his adoption into a stable home. Similarly, the evidence of Mother's current substance abuse problem and lack of appropriate treatment, coupled with the child's current need for stability, provided a sufficient basis for the juvenile court to conclude that it was strictly necessary to terminate Mother's parental rights.

¶ 6 Affirmed.